United States District Court

Eastern District of California

| | |
|---|---|
| Kenneth Stovall, | |
|     Petitioner, | No. Civ. S 04-2364 LKK PAN P |
| vs. | Findings and Recommendations |
| Derral Adams, Warden, | |
|     Respondents. | |

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus upon the grounds his counsel was ineffective and his sentence is cruel and unusual. See 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground the petition is unexhausted. Petitioner filed no opposition.

January 24, 2004, petitioner was convicted in the Solano County Superior Court pursuant to a guilty plea.

Petitioner filed a petition for a writ of habeas corpus in

1 the trial court.  The court denied relief.

2    Petitioner filed a petition for a writ of habeas corpus in
3 the appellate court.  The court denied relief.

4    A district court may not grant a petition for a writ of
5 habeas corpus unless "the applicant has exhausted the remedies
6 available in the courts of the State," or unless there is no
7 State corrective process or "circumstances exist that render such
8 process ineffective to protect the rights of the applicant."  28
9 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
10 requirement by presenting both the operative facts and the legal
11 theory to the highest state court.  Duncan v. Henry, 513 U.S.
12 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 278 (1971).
13 General appeals to constitutional principles, such as due
14 process, equal protection and the right to a fair trial, are
15 insufficient to exhaust a claim.  See Gray v. Netherland, 518
16 U.S. 152, 162-63 (1996).  A petitioner must identify the
17 "specific federal constitutional guarantee," Gray, 518 U.S. at
18 162-63, even if the facts make a constitutional theory "self-
19 evident."  See Anderson v. Harless, 459 U.S. 4, 7 (1982).
20 A claim is unexhausted if any state remedy is available.  See
21 O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (petitioner must seek
22 discretionary review from state court of last resort); Roberts v.
23 Arave, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where
24 state supreme court referred petitioner's appeal of trial court's
25 denial of post-conviction relief to lower appellate court and
26 petitioner failed to appeal lower court's disposition of that

1 appeal to state supreme court).  A petition containing only
2 unexhausted claims must be dismissed.  <u>Picard</u>, 404 U.S. at 271.
3     Respondent contends petitioner did not file a petition for
4 review or a petition for a writ of habeas corpus in the
5 California Supreme Court.  Petitioner asserts he requested leave
6 to file an untimely appeal but adduces no evidence he was
7 permitted to do so.  Petitioner neither asserts he presented his
8 claims to the California Supreme Court nor contends there are no
9 available state remedies.
10     Petitioner failed to exhaust available state remedies.
11     Petitioner's federal petition should be dismissed without
12 prejudice.
13     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
14 findings and recommendations are submitted to the United States
15 District Judge assigned to this case.  Written objections may be
16 filed within 20 days of service of these findings and
17 recommendations.  The document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  The district
19 judge may accept, reject, or modify these findings and
20 recommendations in whole or in part.
21     Dated:  June 2, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge